IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MAURICE D. WEST                                                                                    PETITIONER

V.                                       No.  5:11-CV-05240-JLH

RAY HOBBS                                                                                          RESPONDENT

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed October 20, 2011 under 28 U.S.C. §2254.  The Plaintiff also sought to proceed In Forma Pauperis by Application (ECF No. 2) filed on the same day. The court entered and Order (ECF No. 3 ) on October 20, 2011 provisionally filing the petition but directing the Plaintiff to fully complete a proper IFP form and resubmit by November 18, 2011 and to explain why the Petitioner has failed to exhaust his state court remedies.

### I.  Background

The Plaintiff has did not file any supporting documents with his 2254 Petition but the court did contact the Benton County Clerk to obtain copies of the docket sheets and judgment and from those documents has been able to determine the facts surrounding the Plaintiff's case.

The Plaintiff was originally charge on November 16, 2010 in Benton County Circuit Court, case number CR-2010-1591-01with Possession of a Controlled Substance with Intent to Deliver (Ark. Stat. Anno. 5-54-401(a)(4)) which involves less than 10 pounds of marijuana. (See Exhibit 1).  On January 28, 2011 another criminal information was filed in the Benton County Circuit Court in case number CR-2011-0083-01 charging the Plaintiff with Robbery a class B

felony(5-12-102) and Theft of Property, a class A misdemeanor  (5-36-103). (See Exhibit 2).

The Plaintiff's cases were set in the Circuit Court of Benton County but continued on February 23, March 21, April 18, May 9, and on June 21.  (See Exhibit 1 & 2). On July 18, 2011 the Plaintiff executed a Plea Agreement and Order (See Exhibit 3) where he agreed to plead guilty to 1 count of possession with intent to deliver marijuana, a felony; one count of robbery, a B felony; and 1count of theft of property a misdemeanor.

The Plea Agreement was accepted by the court on August 1, 2011 and Judgment was entered on August 18, 2011 sentencing the Plaintiff to 5 years ADC on the Possession with Intent to Deliver and Robbery charges and 1 year in the BCDC on the misdemeanor Theft of Property charge with all ADC time to run concurrent  (See Exhibit 4).  An additional 5 years suspended on the felony charges to run consecutive to the penitentiary sentence.

On October 20, 2011 the Petitioner filed the instant Petition under 28 U.S.C. §2254 contending that 1) this was his first time to have a felony and he felt that he should "get probation for this felony" (ECF No. 1, p. 3) and 2) he was "caught shoplifting and the police charge me with robbery" (Id., p. 5). An order was entered on October 20, 2011 provisionally filing the petition and ordering the Petitioner to file a new IFP application and to complete and sign a response explaining his failure to appeal the Circuit Court sentence.

## II.  Discussion

28 U.S.C. §2254 provides in part that "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  The Petitioner's

pleadings fail to establish that he is in custody in violation of the Constitution or laws of the United States.

**A.  Drug Charge:**

The Petitioner first contends in Ground One that this is his first felony and he felt like he should have received probation. (ECF No. 1, p. 3).

The Petitioner was first charged with Possession of a Controlled Substance with Intent to Deliver a violation of Ark. Stat. Anno. 5-64-401 (See Exhibit 1) and pleaded guilty to Possession with Intent to Deliver a Controlled Substance (Marijuana) in CR 2010-1591-1(a) on August 18, 2011 (See Exhibit 4).

The applicable Arkansas Statue makes it unlawful "for any person to ...possess with intent to ....deliver a controlled substance" (5-64-401(a)).  Subsection (4) provides that a controlled substance classified in Schedule VI (marijuana) is guilty of a felony and shall be: Imprisoned no less than four (4) years nor more than ten (10) years or fined no more than twenty-five thousand dollars ($25,000), or both, if the quantity of the controlled substance is less than ten pounds (10 lbs.)." See Ark. Stat. Anno. 5-64-401(a)(4)(A).

In his pleading the Petitioner acknowledges that he "got caught with a quarter pound weed". The Arkansas Statutes also provide that possession of any amount of marijuana over 1oz gives rise to a presumption that the substance is possessed with the intent to deliver. (See Ark. Stat. Anno. 5-64-401(d)(1)).

The Petitioner does not contend that he was not guilty of the offense but that he felt he should have received probation for this offense. The sentenced imposed by the Circuit Court of Benton county was 5 years in the Arkansas Department of Corrections and an additional 5 years

Suspended. (See Exhibit 4). The Arkansas Supreme Court stated in *Taylor v. State* that "We have explained the rules we follow when reviewing a petition for a writ of habeas corpus. Specifically, in *Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999), we wrote:

> A writ of habeas corpus will issue where a commitment is invalid on its face or where the sentencing court lacked subject-matter jurisdiction to enter or modify the sentence. *See, e.g., Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997), *Mackey v. Lockhart*, 307 Ark. 321, 819 S.W.2d 702 (1991). When a habeas corpus petition alleges that a sentence is void or illegal, we review the matter of the trial court's subject-matter jurisdiction to enter such sentences regardless of whether an objection was made to the trial court.

*See Taylor v. State* 354 Ark. 450, 454, 125 S.W.3d 174, 177 (Ark.,2003). There is nothing illegal about the sentence the Petitioner received on the Possession with Intent to Distribute charge and it is within the range set by the Arkansas General Assembly. The Petitioner's contention in regards to Ground One that he should have received a suspended sentence is without merit.

**B: Robbery**

The Petitioner next seems to contend in Ground Two that he was not guilty of Robbery because he was only stealing an item worth $11.15. (ECF No. 1, p. 5)

The relevant Arkansas statute provides that a "person commits robbery if , with the purpose of committing a felony **or** misdemeanor theft or resisting apprehension immediately after committing a felony **or** misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person. Ark Stat. Anno. 5-12-102(a). Robbery is a class B felony (Ark Stat. Anno. 5-12-102(b)) which means that it carries a possible penalty of "not less than five (5) years nor more than twenty (20) years (Ark. Stat. Anno. 5-4-401(a)(3)).

By the Petitioner's own admission he was engage in the commission of a misdemeanor

theft and he used force upon another person during the commission of that theft.  The Petitioner's admitted actions conform to the Arkansas statutory language and, therefore, the Petitioner's contention as to Ground Two is without merit.

## C.  Voluntary Plea

The Petitioner entered into a plea agreement on July 18, 2011 agreeing to plea to Possession with Intent to Deliver a Controlled Substance (Marijuana), Robbery and Theft of Property. (See Exhibit 3 ).  The Circuit Judge accepted the plea agreement on August 1, 2011(Id.) and entered Judgment on August 18, 2011(See Exhibit 4).  At the time of judgment the court found that the Petitioner "voluntarily, knowingly and intelligently entered his plea." (Id.) An accused's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).  )  [A] state court's conclusion regarding a defendant's competency is entitled to such a presumption [of correctness]. *Demosthenes v. Baal*, 495 U.S. 731, 735, 110 S.Ct. 2223, 109 L.Ed.2d 762 (1990).

Under Arkansas law when the Plaintiff entered a plea of guilty he waives his right to appeal  *See Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987), and A.R.Cr.P. Rule 36.1 therefore his time for filing a complaint against his attorney runs from the date of judgment.

The Petitioner has not contended that his attorney was ineffective in his representation nor does it appear that the Petitioner ever filed a Rule 37 proceeding against his attorney.  The Petitioner has 90 days from the date of entry of Judgment to bring his claim under Rule 37. (Ark. R. Crim. P. 37.2(c)). That time period had not expired at the time the Petitioner filed the current Petition and this state court remedy is still available to the Petitioner.

**E. Failure to Present to State Court**

Before bringing his claims to this Court, a petitioner must have presented his claims in state court. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004). The Eighth Circuit has explained that "A prisoner seeking a writ of habeas corpus from a federal court must first fairly present his claims to the state courts in order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)." We have held repeatedly that a claim has not been fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas petition have been properly raised in the prisoner's state court proceedings. We have also held that a claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."  See *Krimmel v. Hopkins*, 56 F.3d 873, 875-76 (8th Cir.1995) (citing *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir.1995); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.1995); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir.1993)) (citations omitted). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to " 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in a claim before the state courts.' " *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir.1997) (quoting *Myre v. Iowa*, 53 F.3d 199, 200-01 (8th Cir.1995) (quoting *Kelly v. Trickey*, 844 F.2d 557, 558 (8th Cir.1988))). *Johnson v. Norris*  2007 WL 2343883, 6 (E.D.Ark.) (E.D.Ark.,2007).

The Petitioner does not appear to have presented any claims to the applicable state court and is therefore barred from bringing the current petition because of his failure to exhaust his state court remedies.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2254 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 14th day of November 2011

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE